**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| United States of America,<br><br>Plaintiff,<br><br>v.<br><br>Shawn Christopher Lyte,<br><br>Defendant. | No. CR-20-01859-TUC-JGZ (JR)<br><br>**ORDER** |

Pending before the Court is Magistrate Judge Jaqueline Rateau's Report recommending that the Court deny Defendant Shawn Lyte's Motion to Dismiss for Lack of Probable Cause. (Doc. 41.) Defendant filed an Objection to the Report (Doc. 42), and the Government filed a Response to the Objection. (Doc. 46.). After de novo of the parties' filings, the Court will adopt the Report and deny the Motion to Dismiss.

On October 7, 2020, Defendant was charged by indictment with failure to register as a sex offender in violation of Title 18, United States Code, section 2250(a). The Indictment alleges that beginning on or about May 26, 2020 until on or about June 8, 2020, in the District of Arizona, Defendant, a person required to register under the Sex Offender Registration and Notification Act (SORNA), knowingly failed to register and update a registration as required by SORNA, after relocating and traveling in interstate commerce from Michigan to Arizona. (Doc. 18.)

Under Title 18, United States Code, Section 2250(a), it is a crime for a sex offender

who is required to register under SORNA to knowingly fail to do so. SORNA requires a sex offender, to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 34 U.S.C. § 20913(a). A sex offender must update his registration by registering in the relevant jurisdiction "not later than 3 business days after each change of name, residence, employment, or student status." 34 U.S.C. § 20913(c).

Defendant concedes that he is a sex offender who is required to register under SORNA. (Doc. 42, p 3.)[1] Defendant asserts, however, that he could not have violated SORNA because he was in compliance with the state sex offender registration laws of Michigan (his state of permanent residence) and/ or Arizona (the state where he was working and residing temporarily). (Doc. 25, pp. 3-5; Doc. 42, pp. 2-5.) Defendant suggests that, because SORNA relies on State sex offender registries, the federal government can only prosecute a sex offender for violating SORNA when the offender is in violation of state sex offender registration requirements. (Doc. 30, pp. 1-2.) Defendant also argues that he was prevented from registering in Arizona by circumstances beyond his control, which is an affirmative defense under Arizona law. Defendant requests that the Court review the record and transcripts of the evidentiary hearing before the Magistrate Judge and sustain his objection. (Doc. 42, p. 7.)

Although an evidentiary hearing was held on the pending motion, evidence produced at the hearing is not necessary to resolve Defendant's legal challenge to the sufficiency of the indictment. To the extent Defendant seeks review of the sufficiency of the Government's evidence to prove a violation of SORNA, the motion is improper and the evidence cannot be reviewed. *See United States v. Nukida*, 8 F.3d 665, 669-70 (9th Cir. 1993) ("Inasmuch as Nukida's arguments before the district court challenged the

---

[1] On April 13, 2016, Defendant was convicted in Broward County, Florida, of Possess Photograph, Film Or Other Representation That Knowingly Includes Sexual Conduct By Child in violation of F.S. 827.071(5), and Using A Computer System Or Network To Solicit Or Obtain Sex With A Minor in violation of F.S. 847.0135(2), in case number 1416443. (Doc. 46, pp. 1-2.)

government's ability to prove that her actions affected commerce, her motion to dismiss amounted to a premature challenge to the sufficiency of the government's evidence tending to prove a material element of the offense"); *United States v. Sharma*, No. 17-CR-00055-TLN, 2019 WL 2285393, at *4 (E.D. Cal. May 29, 2019) (whether the government could provide sufficient evidence to meet its burden of proving the required element that defendant attempted to induce a person under eighteen years of age cannot be resolved pretrial on a motion to dismiss indictment).[2]

The Court concludes that the Indictment is sufficient on its face and sets forth a violation of 18 U.S.C. § 2250(a), failure to register as a sex offender. An indictment is generally sufficient when it sets forth the offense in the words of the statute itself, as long as those words set forth all the elements necessary to constitute the offense intended to be punished. *Hamling v. United States,* 418 U.S. 87, 117 (1974); *see United States v. Mancuso*, 718 F.3d 780, 790 (9th Cir. 2013) (an indictment is sufficient on its face when it recites the language of the statute, even if it fails to allege how the violation was committed); *United States v. Lazarenko*, 564 F.3d 1026, 1033 (9th Cir. 2009) (an indictment is sufficient if it contains the elements of the charged offense, fairly informs a defendant of the charge, and enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense). In *United States v. Marrowbone*, 102 F.Supp.3d 1101, 1104 (D.S.D. 2015), the court found that the indictment was facially valid in a prosecution for failing to register as sex offender, in violation of SORNA, where the wording of indictment tracked the three elements of offense by alleging that the defendant was required to register under SORNA, the defendant was a sex offender by reason of conviction under

---

[2] A motion attacking a facially sufficient indictment may be brought prior to trial pursuant to Rule 12 "if it involves questions of law rather than fact." *Nukida*, 8 F.3d at 669-70 (9th Cir. 1993) (quoting *United States v. Shortt Accountancy Corp.*, 785 F.2d 1448, 1452 (9th Cir. 1986)). The court may make preliminary findings of fact necessary to decide the legal questions presented by the motion, but the court may not "invade the province of the ultimate finder of fact." *Id.* An issue raised in a Rule 12(b) motion to dismiss may be decided by a court without improperly invading the province of the jury "if [the issue being decided] is entirely segregable from the evidence to be presented at trial." *Id.* (internal quotation marks and citation omitted).

federal law, and the defendant knowingly failed to register and update his registration, and also included a narrow timeframe in which the defendant allegedly failed to register. Applying the same standards as the district court in *Marrowbone*, the Indictment in the present case is sufficient.

Defendant offers little support for his argument that a conviction under section 2250(a) requires the government to prove that a defendant has also violated a state sex-offender-registration law. Defendant does not identify any federal statute that imposes such a requirement, and section 2250(a) does not include any language which would suggest that violation of state law is an element of the offense. Defendant cites a sentence from *United States v. Kebodeaux*, 570 U.S. 387, 398 (2013), in which the Supreme Court stated: "And as far as we can tell, while SORNA punishes violations of its requirements (instead of violations of state law), the Federal Government has prosecuted a sex offender for violating SORNA only when that offender also violated state-registration requirements." This sentence discredits Defendant's argument. The *Kebodeaux* Court expressly acknowledges that SORNA punishes violations of federal law, not state law. In addition, in noting that to date the federal government has only prosecuted federal sex offender registration charges where there also existed a violation of state-registration law, the *Kebodeaux* Court recognized that the federal government could bring federal failure-to-register charges even in the absence of a state law violation.

Several courts have rejected arguments similar to Defendant's. *See United States v. Paul*, 718 F. App'x 360, 364 (6th Cir. 2017) ("if Congress meant for sex offenders' SORNA requirements to depend on state registration requirements, the Act would specifically say so."); *United States v. Thompson*, 811 F.3d 717, 722 (5th Cir. 2016) ("SORNA's registration provision, 42 U.S.C. § 16913, requires a convicted sex offender to register and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student . . . , [by] not later than 3 business days, after each change of name, residence, employment, or student status, appearing in person . . . and inform[ing] that jurisdiction of all changes in the information

required for that offender in the sex offender registry.") (internal quotation marks and footnote omitted); *United States v. Billiot*, 785 F.3d 1266, 1269 (8th Cir. 2015) ("SORNA imposes an independent *federal* obligation for sex offenders to register that does not depend on, or incorporate, a state-law registration requirement.") (emphasis in original); *United States v. Elkins*, 683 F.3d 1039 (9th Cir. 2012) ("[W]e continue to hold that the federal government's prosecution of an alleged violation of SORNA is not dependent on the individual state's implementation of the administrative portion of SORNA."); *United States v. Pendleton*, 636 F.3d 78, 86 (3d Cir. 2011) ("Pendleton's federal duty to register under SORNA was not dependent upon his duty to register under Delaware law."); *Kennedy v. Allera*, 612 F.3d 261, 262 (4th Cir. 2010) ("SORNA's clear and unequivocal requirement that individuals convicted of sex offenses must register as sex offenders under federal law applie[s] ... even though Maryland had not yet fully implemented SORNA."); *State v. John*, 233 Ariz. 57, 59 (Ct. App. 2013) ("[U]nder SORNA, a sex offender must 'register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student.' 42 U.S.C. § 16913(a). The failure to do so is a federal crime. 18 U.S.C. § 2250.").

Because there is no support for Defendant's contention that an indictment is insufficient if it does not allege a failure to comply with state sex-offender-registration law, Defendant's alleged compliance with Michigan and/or Arizona law does not provide a basis for dismissal of the indictment. Whether Defendant's actions in registering under state law were sufficient to also satisfy SORNA's registration requirements is a question

//
//
//
//
//
//

which cannot be resolved by the Court on a motion to dismiss.

For the foregoing reasons IT IS ORDERED:

1. The Report and Recommendation (Doc. 41) is adopted.

2. Defendant's Motion to Dismiss Warrant for Lack of Probable Cause (Doc. 25) is DENIED.

Dated this 11th day of March, 2021.

*Honorable Jennifer G. Zipps*
United States District Judge